IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARK STINSON**                                                                                    **PETITIONER**
*Reg. #29908-076*

V.                              CASE NO. 2:21-cv-00025-BSM-JTK

**JOHN P. YATES,**
*Warden, Forrest City FCC*                                                                      **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such

        a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201-3325

## I.     Introduction

Before the Court is Mark Stinson's Petition for Writ of Habeas Corpus under section 2241. *Doc.* 1. Since Stinson is challenging the validity of his conviction but has not shown a section 2255 remedy is inadequate or ineffective, a section 2241 petition is not the proper vehicle for his claims. Thus, this Court recommends his petition be dismissed without prejudice for lack of jurisdiction.

## II.    Background

Stinson is a federal prisoner incarcerated in Forrest City, Arkansas. On December 8, 2017, he was convicted in the Western District of Tennessee of conspiracy to defraud the United States; theft of government funds; aggravated identify theft (two counts); failure to collect, truthfully account for, and pay payroll taxes (five counts); and filing false statements on a tax document (five counts). *See United States v. Stinson*, Case No. 2:16-cr-20247-001-JTF, Doc. 110 (W.D. Tenn. Mar. 1, 2018). The court sentenced him to seventy-five months in the Bureau of Prisons. *See id.* The Sixth Circuit affirmed the district court's judgment. *United States v. Stinson*, 761 Fed. Appx.

527, 530 (6th Cir. 2019). It also denied Stinson's motion to file a *pro se* brief raising claims of ineffective assistance of counsel, improper denial of requests for new counsel, and competency to stand trial, and instead advised him to raise those arguments "in the first instance on habeas review in district court." *Id.*

Before that appeal was decided, Stinson filed a Motion to Set Aside his conviction under section 2255 on November 20, 2018. *See Stinson v. United States*, No. 2:18-cv-02807-JTF-CGC (W.D. Tenn. Nov. 20, 2018) ("*Stinson I*"). In that motion, his retained counsel exclusively raised claims of ineffective assistance of counsel. *See Stinson I*, Doc. 1. That motion is still pending at this time.

On January 10, 2019, Stinson filed a section 2241 habeas petition in his sentencing court. *See Stinson v. Hendrix*, No. 2:19-cv-02035-JTF-DKV (W.D. Tenn. Jan. 10, 2019). On April 1, 2019, the court entered an order finding it was the improper venue for a section 2241 petition and decided against transferring the case to this Court since Stinson did "not address [his pending section 2255] case, and he has not attempted to explain why relief under § 2255 is inadequate or ineffective." *Id.*, Doc. 4 at 5. Instead, it dismissed his petition "without prejudice to Stinson's right to raise his claims in Case Number 18-2807 [*Stinson I*]." *Id.*

Stinson then filed a section 2241 habeas petition in this Court on February 12, 2019. *See Stinson v. Hendrix*, No. 2:19-cv-00016-BSM (E.D. Ark. Feb. 12, 2019) ("*Stinson II*"). This Court found "Petitioner [was] clearly challenging the validity of the sentence that was imposed by the Tennessee federal court," which is a challenge that must be brought under section 2255 in the Western District of Tennessee, his sentencing court. *Stinson II*, Doc. 19 at 5. Thus, it recommended his petition be dismissed since "habeas corpus relief pursuant to section 2241 is not available to Petitioner." *Id.* United States District Judge Brian Miller adopted that recommended disposition

3

on August 28, 2019, and his order was summarily affirmed by the Eighth Circuit on January 10, 2020. *Stinson II*, Docs. 22 & 31.

On November 23, 2020, Stinson filed a *pro se* motion in his still-pending section 2255 case (*Stinson I*) asserting both ineffective assistance and Government misconduct claims. *See Stinson I*, Doc. 19. Then, Stinson filed a second *pro se* section 2255 Motion in a new case on February 1, 2021. *See Stinson v. United States*, No. 2:21-cv-02065-JTF-ATC (W.D. Tenn. Feb. 1, 2021). On March 3, 2021, the court dismissed his new motion: "[b]ecause Case No. 18-2807 [*Stinson I*] remains pending, Stinson is not entitled to file a new § 2255 motion addressing his conviction and sentence in Case No. 16-20247. Therefore, the Court DISMISSES Case No. 21-2065 without prejudice to Stinson's right to raise his claims in Case No. 18-2807." *Id.*, Doc. 7 at 2. However, the sentencing court also noted in its order that Stinson's *pro se* filing in his original 2255 case was unauthorized since his counsel had not sought leave to withdraw. *See id.*

On March 19, 2021, Stinson filed this section 2241 habeas petition. *Doc.* 1. In it, he raises claims including ineffective assistance of counsel, alleged trial and pre-trial errors including the trial court's refusal to let him fire his appointed counsel and improper jury instructions, and Government misconduct including witness tampering, *Brady* violations, conspiracy, and falsified documents. *Doc.* 1 at 6. He requests reversal of his conviction, immediate release from prison, and twenty million dollars "for aggravated pain and suffering and aggravated defamation of character." *Doc.* 1 at 7.

### III.   Dismissal for Lack of Jurisdiction

"A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959

(8th Cir. 2004) (citations omitted). Section 2255 is "not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." *Id.* at 963. The petitioner bears the burden of showing § 2255 would be inadequate or ineffective. *See id.* at 959.

To begin, Stinson's section 2241 petition clearly challenges the validity of his conviction, so this Court only has jurisdiction over it if Stinson shows that section 2255 would be inadequate or ineffective. *See id.* However, Stinson's section 2255 motion, which includes the ineffective assistance claims he raises here, is still pending before his sentencing court. Thus, he cannot show that section 2255 is inadequate or ineffective as to those claims. To the extent he raises additional claims of trial court errors and Government misconduct not raised in his pending section 2255 case, he has not shown or even alleged that those new claims could not have been raised before now. *See Abdullah*, 392 F.3d at 963 ("'[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier.'") (citation omitted). Further, as his sentencing court has repeatedly suggested to him: he may be able to raise those claims by seeking leave to amend his pending section 2255 motion, and he should discuss that possibility with his lawyer. Since he has raised some of these claims and had a reasonable opportunity to raise the other claims in his pending section 2255 case, Stinson has not shown that the section 2255 remedy is inadequate or ineffective. Therefore, this Court lacks subject matter jurisdiction over his petition and recommends it be dismissed without prejudice.

IV. **Certificate of Appealability**

Under Rule 11 of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right, so no certificate should issue.

V.       **Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Stinson's § 2241 habeas petition, *Doc. 1,* be DENIED and this case be DISMISSED WITHOUT PREJUDICE.

2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO RECOMMENDED this 31st day of March, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE